603 So.2d 93 (1992)
Steven Douglas WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1429.
District Court of Appeal of Florida, Fifth District.
July 31, 1992.
Steven Douglas Wilson, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Steven Douglas Wilson appeals the summary denial of his motion for post-conviction relief pursuant to rule 3.850, Florida *94 Rules of Criminal Procedure. We reverse only on the trial court's refusal to give full credit for time served on the incarcerative portion of the original probationary split sentence and affirm on all other issues.
Wilson originally was sentenced on ten counts of burglary of a structure to concurrent split sentences of three and one-half years' incarceration followed by two years' community control. The sentence exceeded the statutory penalty of five years for third-degree felonies. After serving the initial period of incarceration, he twice violated the terms of community control before the expiration of five years from the time of original sentencing and was finally sentenced to five years' incarceration following revocation of community control. Wilson received credit for county jail time served following his arrest for violation of the terms of community control, but none for the original period of incarceration.
The Department of Corrections found the error and communicated assurances that Wilson would receive the appropriate credits. Nevertheless, Wilson is entitled to a judicial award of proper jail time credit. § 921.161(1), Fla. Stat. (1991). The Department of Corrections most likely will be enlisted by the court to calculate the credit, but the award of the credit is a judicial task to be accomplished at sentencing rather than an administrative function to be accomplished post-sentencing. The Department of Corrections cannot correct an illegal sentence or render the illegality harmless; the trial court is required to accomplish the task. Jones v. State, 570 So.2d 345 (Fla. 5th DCA 1990).
We affirm the denial of all issues raised in the 3.850 motion except on the issue of the award for jail time served and remand for the purpose of making the award.
REVERSED in part; AFFIRMED in part; and REMANDED.
GOSHORN, C.J., and COWART, J., concur.