612 So.2d 684 (1993)
Paul THOMAS a/k/a Harold F. Burr, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1162.
District Court of Appeal of Florida, Fifth District.
January 22, 1993.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence imposed after violation of probation. The pertinent facts here are similar to those in Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992). The sentencing court did not give full credit to this appellant for all time served, both pre-violation and pending sentence for violation. Therefore, we must vacate the sentence and remand for resentencing. Sentencing is the obligation of the court, not the department of corrections; so any reliance upon the jailers to compute properly the time served is an improper relinquishment of authority and duty of the judiciary to the executive.
This is not to say that the court cannot consider input from the department, or appellant for that matter, before final *685 computation and determination of the credit for time served.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
GOSHORN, C.J., and DIAMANTIS, J., concur.