DIAMANTIS, Judge.
This is an appeal from the denial of appellant’s motion to correct the sentence imposed following a revocation of probation. Fla.R.Crim.P. 3.800(a). We affirm in part and reverse in part.
Appellant was convicted of robbery and, after serving 4¾⅛ years in prison on this charge, he was released subject to a three- *793 year probationary term. While on probation, appellant committed two new substantive offenses. After entering a negotiated plea to both charges, appellant was sentenced to 5 years imprisonment on each offense. Additionally, the court sentenced appellant to 5 years imprisonment for his violation of probation on the robbery conviction. The three sentences were ordered to run concurrently.
Appellant contends that he is entitled to receive credit for the 4½ years he served in prison on the robbery conviction against each of the three sentences. Appellant is not entitled to credit on the two new substantive offenses because time served on a prior offense is not credited against sentences for new substantive offenses even when they are ordered to run concurrent with the sentence imposed for a violation of probation. See State v. Smith, 525 So.2d 461 (Fla. 1st DCA 1988). Appellant is entitled, however, to 4V2 years credit against the sentence imposed for the violation of probation on the robbery conviction. Thomas v. State, 612 So.2d 684 (Fla. 5th DCA 1993); Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992); Meintzer v. State, 399 So.2d 133 (Fla. 5th DCA 1981). See Springer v. State, 616 So.2d 1105 (Fla. 5th DCA 1993). Accordingly, we remand for proceedings consistent with this opinion.
AFFIRMED in part; REVERSED in part; REMANDED.
DAUKSCH and COBB, JJ., concur.