RYDER, Acting Chief Judge.
Richard Svenson appeals the sentences received after revocation of probation on his previously imposed split sentences. He challenges only the trial court’s failure to award credit for time served on the offenses for which he initially received a prison term.
Appellant received concurrent nine-year prison sentences on four burglaries and probationary terms on various third degree felonies, all probationary terms to run consecutive to the prison term. Upon revocation of probation, the court sentenced him to five-year prison terms on all the third degree felonies without awarding credit for either the time actually served or the gain-time earned on the burglaries. All offenses occurred after October 1, 1989.
Having initially imposed a term of probation consecutive to a term of incarceration, the court should have given credit for at least the time actually served on the prison term. Tripp v. State, 622 So.2d 941 (Fla.1993). Be *327 cause the .offenses occurred after October 1, 1989, however, the appellant is not entitled to receive credit for the gain-time earned on the original prison sentences. See §§ 944.28(1) and 948.06(6), Fla.Stat. (1993); Bradley v. State, 616 So.2d 1156 (Fla. 2d DCA 1993); Tripp at 942 n. 2 (pursuant to chapter 89-531, revocation of probation serves to forfeit gain-time previously earned). Accordingly, we vacate the sentences in part and remand for a proper award of credit for time served.
Sentences vacated in part and remanded.
SCHOONOVER and THREADGILL, JJ., concur.