636 So.2d 830 (1994)
Benjamin GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2154.
District Court of Appeal of Florida, Fifth District.
May 6, 1994.
James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robin Compton Jones, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Chief Judge.
The issue in this case is whether, following the revocation of a probationary portion of a split sentence, the sentencing court may properly delegate to the Department of Corrections the ministerial duty of calculating that portion of the previously awarded gain time forfeited pursuant to section 944.28(1) and 948.06(6), Florida Statutes (1993).
In the case before us the trial judge determined that Green should be given prison credit as follows:
Defendant is allowed credit for 156 days county jail credit served between date of arrest as a violator and date of resentencing. The Department of Corrections shall apply original jail credit awarded and shall compute and apply credit for time served and unforfeited gain time awarded during prior [prison] service.
In effect, therefore, the trial court made the appropriate determination that the defendant should be given credit for time spent in the county jail awaiting the trial and resentencing for his violation as well as the time spent in the county jail before the trial and sentence for the original offense which was credited at the time of the original sentence. The court delegated to the Department the *831 duty of determining the credit given on the original sentence from its files. Further, the court determined that the defendant should be given credit for all unforfeited gain time previously earned during his original period of incarceration. The court recognized that under section 944.28(1), it is the Department that determines whether earned gain time is to be forfeited. The court, therefore, directed the Department to determine whether there remained any unforfeited gain time and, if so, to credit it against the defendant's sentence.
The trial court committed no error in delegating to the Department the task of looking up the appropriate numbers to apply to the awarded jail credit. Nor did it commit error in directing the Department to credit against the new sentence any gain time that it found unforfeited. The judgment is consistent with section 944.28(1); it is consistent with section 948.06(6); it is consistent with the statewide sentencing form (Florida Rules of Criminal Procedure 3.986); and it is consistent with section 921.0017 (although this section was not applicable at the time of the present sentence).
The procedure used in this case is also consistent with the requirements set out in Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992). In Wilson, the trial court failed to award the defendant credit earned during his previous incarceration. Unforfeited gain time was not the issue. The Department caught the court's error in failing to properly award earned gain time, determined the appropriate amount and assured Wilson that it would be awarded. In Wilson, we found error in the fact that the trial judge failed to award credit for the previous incarceration, which error could not be cured even by the diligence of the Department. We did not find error in the fact that the Department (instead of the court) was permitted to look up the amount of gain time previously earned.
It is not possible from the stated facts in Thomas v. State, 612 So.2d 684 (Fla. 5th DCA 1993), to determine if the trial judge actually awarded credit for previous incarceration (including gain time) and only permitted the Department to "add up" the days (which would be similar to our case) or if the court failed to award such credit at all. Because Thomas relied on Wilson, we assume that no credit was awarded by the trial court and, in such event, Thomas was correct. If Thomas is construed to mean that the Department cannot be assigned the task of looking up numbers and applying those numbers to the court's judgment, then Thomas has misconstrued Wilson.
AFFIRMED.
GRIFFIN, J., concurs.
DAUKSCH, J., dissents, without opinion.