639 So.2d 686 (1994)
Jeffrey Scott MONGIOUVI, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00419.
District Court of Appeal of Florida, Second District.
July 8, 1994.
Jeffrey Scott Mongiouvi, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Jeffrey Scott Mongiouvi appeals the denial of his motion to correct sentence, which he filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse.
The appellant alleges that the trial court failed to award him credit for the time served on his previously imposed prison sentence. He alleges that he received a sentencing structure similar to that in Tripp v. State, 622 So.2d 941 (Fla. 1993).[1]
In August 1989, the appellant received a 3 1/2-year prison term for sale of cocaine in case no. 89-1484, and a consecutive 3-year probationary term for robbery in case no. 89-2004. After his release from prison and upon the subsequent revocation of his probation, the court imposed a 3-year incarcerative sentence for the robbery. The appellant claims the trial court failed to award credit for the time actually served and gain-time earned for the sentence on the sale of cocaine.
The trial court denied the motion without attachments. Although it acknowledged in its order that the appellant was entitled to receive credit for time served and certain gain-time accumulated on the sentence for sale of cocaine, it directed the appellant to *687 inquire with the Department of Corrections (DOC) to receive the precise amount of credit. Without a copy of the written sentence, we are unable to determine whether the trial court did in fact award any such credit.
In its response, the state agrees that the appellant is entitled to the benefit of Tripp and urges us to certify the question certified in Bailey v. State, 634 So.2d 171 (Fla. 1st DCA), review dismissed, 637 So.2d 233 (Fla. 1994). The state further requests that the record be supplemented with the guidelines scoresheet and an affidavit from DOC setting forth the number of days actually served and the number of days allotted for various types of gain-time. We grant the state's request as it relates to supplementing the record.
With respect to the trial court's directing the appellant to seek further relief from DOC, the state directs our attention to Thomas v. State, 612 So.2d 684 (Fla. 5th DCA 1993). In Thomas, the court held that the trial court rather than DOC must determine the exact amount of credit for time actually served on a previously imposed prison sentence. The Fifth District, however, has recently clarified the Thomas opinion in Green v. State, 636 So.2d 830 (Fla. 5th DCA 1994). In Green, the court wrote, "[w]e did not find error in the fact that the Department (instead of the court) was permitted to look up the amount of gain time previously earned." We adhere to the principle espoused in Green, that the trial court may assign the task of looking up numbers to DOC.
Because we are unable to determine whether the trial court awarded credit for the time previously served and any unforfeited gain-time accumulated on the prison sentence on the sale of cocaine, we reverse the order of denial. On remand, should the trial court again deny relief, it must attach portions of the files and records which refute the appellant's allegations.
Reversed and remanded.
SCHOONOVER, A.C.J., and LAZZARA and QUINCE, JJ., concur.
NOTES
[1] Tripp has retroactive application. Jean v. State, 627 So.2d 592 (Fla. 2d DCA 1993).