PER CURIAM.
Appellant, who was resentenced after violating the probationary portion of his split sentence, appeals the summary denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We find that appellant’s motion, when considered with the attachments appended thereto,[1] sets forth a facially sufficient claim that he is entitled to jail-time credit for time previously served on the incarcerative portion of his split sentence.
On or about June 1, 1990, appellant committed the offense of attempted sexual battery. He subsequently entered a plea to that offense and was sentenced to 22 months in state prison followed by two years of probation. He served approximately six months in prison and was released to serve the probationary term. His 22-month sentence (668 days) was satisfied as follows:
*1188 220 days Basie Gain time
+ 166 days Original County Jail Credit
+ 72 days Additional Gain time
+ 209 days Time Served in Custody
+ 1 day Time Not Served Due to Early Release Through the Transitional Assistance Program
668 days (Twenty-Two Months in Days)
Appellant violated his probation. After serving 28 days in county jail, he was resen-tenced to 7½ years in state prison. Upon resentencing, the trial court authorized credit for 166 days of original county jail credit, 28 days for time served in county jail after violation of probation, and unforfeited gain time. Upon his return to the custody of the DOC, the DOC forfeited the 220 days of basic gain time and 72 days of additional gain time granted when appellant served his 22-month sentence, as it was permitted to do by section 944.28(1), Florida Statutes (1989). Bradley v. State, 631 So.2d 1096 (Fla.1994).
However, it appears that the trial court should also have granted appellant credit against his new sentence for the 209 days served in the custody of DOC on his previous sentence. Bradley v. State, 631 So.2d 1096 (Fla.1994); Svenson v. State, 631 So.2d 326 (Fla. 2d DCA 1994). We note that DOC has conceded appellant is entitled to this credit.[2]
Accordingly, the cause is remanded to the trial court for further consideration in light of the authorities cited above. Should the trial court again determine that the Rule 3.800(a) motion should be denied, the order should be supported by those portions of the record which refute appellant’s claim of entitlement to additional credit for time served. Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994). The remaining points raised by appellant in his motion are without merit and will not be discussed.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
KAHN, MICKLE and VAN NORTWICK, JJ., concur.

. Attached to the motion is a response from the Department of Corrections (the "DOC”) filed in appellant’s separate mandamus action in which DOC has set forth the specific dates and periods of time involved in appellant's claim for jail-time credit.

. In the DOC's response, which appellant has attached to his motion, DOC correctly maintains that it could not award this credit since award of jail-time credit is a judicial function. Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992). Nevertheless, though this method was not employed in this case, it would be permissible for the trial court to award credit for time previously served but delegate to DOC the duty of calculating the amount of credit given with respect to the original sentence from information available in the DOC's files. Green v. State, 636 So.2d 830 (Fla. 5th DCA 1994).