651 So.2d 203 (1995)
Clifford PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-837.
District Court of Appeal of Florida, Fifth District.
February 24, 1995.
*204 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Steven J. Guardiano, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Clifford Phillips, appellant, pled guilty to violating probation in Case Nos. 91-916, 91-430 and 91-708. Appellant also pled guilty in Case No. 93-35339 to criminal mischief and battery.
Appellant contends that the trial court erred in Case Nos. 91-430 and 91-708 by not crediting him with the time served on probation when the new periods of probation were imposed. Appellant violated probation and community control in Case Nos. 91-430 and 91-708 on several occasions. As a result of the most recent violations, appellant pled guilty to the violations and was sentenced in Case No. 91-708 to five years in the Department of Corrections followed by five years of probation. In Case No. 91-430, appellant received three years of probation for Count One and three years of probation for Count Two to run concurrent to each other. Appellant has served approximately three years of non-incarcerative sanctions for each case. Appellant was sentenced to over five years of non-incarcerative sanctions for each case.
Appellee contends that the trial court did not commit error because it is not the proper entity charged with determining the amount of credit that appellant is entitled to. Appellee argues that unlike credit for time served in jail, there is no statutory requirement on a trial court to make this determination. Appellee argues that credit for time served on probation or community control is a matter best left to the defendant's probation or community control officer. Appellee further argues that if a defendant disputes the amount of credit awarded, he may seek administrative review by filing a grievance pursuant to Florida Administrative Code section 33-24.005. However, because no credit was awarded, a grievance procedure pursuant to Florida Administrative Code section 33-24.005 is not the appropriate remedy.
This court has held that it is not error for the Department of Corrections to determine the amount of gain time previously served. See Wilson v. State, 639 So.2d 1019 (Fla. 5th DCA 1994); Green v. State, 636 So.2d 830 (Fla. 5th DCA 1994); Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992). However, this court in both Wilson (1992) and Green recognized that although it is not error for the trial court to permit the Department, instead of the court, to look up the amount of gain time previously earned, it is error for the trial court to fail to award gain time for previous incarceration. Green, 636 So.2d at 831; Wilson, 603 So.2d at 94. Although Green and Wilson (1992) dealt with a trial court's failure to give full credit for time served on the incarcerative portion of a sentence, the principle should apply to a trial court's failure to award credit for time served on a non-incarcerative sentence.
The Supreme Court of Florida in State v. Summers, 642 So.2d 742 (Fla. 1994), accepted jurisdiction to answer the following question:
Must a trial court, upon revocation of probation, credit previous time served on probation toward any newly-imposed term of probation so that the total probationary term is subject to statutory maximum for a single offense?
Id. at 743. The Supreme Court held that:
[U]pon revocation of probation credit must be given for time previously served on probation toward any newly imposed probationary term for the same offense, when necessary to ensure that the total term of probation does not exceed the statutory maximum for that offense.
Id. at 744. However, the court noted that:
... where the total term of probation will not exceed the statutory maximum for a single offense, the court need not give credit for the time already served on probation. *205 For example, when a defendant who had been given two years' probation for a third-degree felony violates probation after serving one year, the judge can impose up to three additional years of probation without giving credit for the one year already served because the total term of probation would not exceed the five year statutory maximum.
In Case No. 91-430 appellant pled guilty to two third degree felonies. A person convicted of a third degree felony can be sentenced to a term of imprisonment not to exceed five years. § 775.082(3)(d), Fla. Stat. Appellant was sentenced in Case No. 91-430 to two concurrent terms of five years of probation. After violating probation, appellant was sentenced to two years of community control for Count One and two years of probation for Count Two. After violating community control and probation, appellant was sentenced to two concurrent terms of three years of probation. Because appellant was initially sentenced to two concurrent terms of five years of probation, the maximum term for the two third degree felonies, regardless of the additional terms imposed, when appellant was sentenced to two concurrent terms of three years of probation for violating probation in Case No. 91-430, appellant should have received credit for the time served on probation because the total term of probation for each offense exceeds the statutory maximum. Summers, 642 So.2d at 743.
In Case No. 91-708, appellant pled guilty to a second degree felony. A person convicted of a second degree felony can be sentenced to a term of imprisonment not to exceed fifteen years. § 775.082(3)(c), Fla. Stat. Appellant was sentenced to two years of community control for Case No. 91-708. As a result of violating community control, appellant received two years of probation. Appellant then violated probation and as a result received two years of probation. The most recent violation of probation resulted in a sentence of five years in the Department of Corrections followed by five years of probation. Appellant was sentenced to a total of five years in the Department of Corrections, nine years of probation and two years of community control as a result of Case No. 91-708. The holding of Summers has been extended to include community control. State v. Roundtree, 644 So.2d 1358 (Fla. 1994). Both community control and probation together cannot exceed the statutory maximum. Roundtree, 644 So.2d at 1359; Straughan v. State, 636 So.2d 845, 846 (Fla. 5th DCA 1994) (community control and probation terms together cannot exceed the statutory maximum); Burrell v. State, 483 So.2d 479, 481 (Fla. 2d DCA 1986) (community control essentially functions as a more restrictive form of probation). Appellant's community control and probation terms amount to eleven years, which does not exceed the statutory maximum of fifteen years. Therefore, the trial court did not err by failing to award appellant time served on probation for Case No. 91-708.
Summers has not been extended to require a court to consider terms of imprisonment, in considering whether the terms exceed the statutory maximum. Summers held that § 948.06(2), Florida Statutes, which provides that "No part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve," applies when probation or community control is revoked and a term of incarceration is imposed. See Ogden v. State, 605 So.2d 155, 158-159 (Fla. 5th DCA 1992) (§ 948.06(2) does not apply when defendant is placed on community control or probation in lieu of being sentenced); Chaitman v. State, 495 So.2d 1231 (Fla. 5th DCA 1986) (defendant served 207 days in prison before being placed on probation, which was revoked; upon resentencing defendant was entitled to credit for time served in prison, but was not entitled to credit for the 118 days he spent on probation). In this case, unlike Summers, a term of incarceration was imposed after violating probation and community control. Therefore, § 948.06, Florida Statutes applies to the present case, and the probation and community control period should not be considered in imposing the sentence of five years in the department of corrections. After violating probation, the trial court was permitted to sentence appellant to any sentence *206 which it might have originally imposed before placing appellant on probation or community control. § 948.06(1), Fla. Stat. Appellant served only three years of community control and probation, prior to violating probation, which resulted in the sentence of five years in the Department of Corrections followed by five years of probation. The sentence imposed after violating probation is a sentence that the trial court could have originally imposed, and is, therefore, legal. §§ 775.082(3)(c) and 948.06(1), Fla. Stat.
Appellant's sentence in Case No. 91-708 is affirmed. Appellant's sentence in Case No. 91-430 is vacated and remanded for resentencing.
AFFIRMED IN PART; SENTENCE VACATED IN PART; REMANDED.
PETERSON and THOMPSON, JJ., concur.