PER CURIAM.
We affirm the revocation of the defendant’s probation and his sentences imposed thereafter, but remand for clarification of the written sentences.
On October 31, 1990, David Lundon pleaded guilty to one count of fondling a child under the age of sixteen and one count of committing a lewd act in the presence of 'a child under the age of sixteen. The trial court imposed probationary split sentences of two concurrent 4-year prison terms, to be followed by two concurrent terms of 5 years’ probation. See Poore v. State, 531 So.2d 161 (Fla.1988).
Less than 4 years later, the state filed a warrant alleging that Mr. Lundon had violated probation. At the conclusion of a probation violation hearing held on March 9, 1994, the trial court revoked Mr. Lundon’s probation for failing to successfully complete an out-patient sex offender treatment program. There is sufficient evidence to support the trial court’s decision; therefore, we affirm the revocation of probation.
The trial court then orally sentenced the defendant to 5 years’ imprisonment, to be followed by 5 years’ probation. The trial court also advised Mr. Lundon, without objection, that it was imposing the previous conditions of probation, specifically the condition that he enter a program for mentally disordered sex offenders. After further discussions, the trial court modified its previous announcement and orally sentenced Mr. Lun-don to two concurrent. 15-year terms of incarceration, suspended after 10 years, with the remaining 5 years to be spent on probation. The trial court credited Mr. Lundon with 14 days for jail time served, but refused to stipulate to the amount of credit to be given for prison time served, preferring to allow the Department of Corrections to calculate the appropriate credit. After another consultation with the attorneys, the trial judge pronounced that the 15-year sentences would be suspended after 8, rather than 10, years. The trial judge added, “The probation will be the same terms and conditions as before.” The guidelines permitted range was 7 to 17 years, with a one-cell bump for Lundon’s violation of probation.
The written sentences entered on March 9, 1994, reflect that Lundon was sentenced to two concurrent terms of 15 years’ incarceration, suspended after 8 years, with 5 years to be spent on probation. One of the conditions of probation was the completion of a sex offender treatment program. The trial court did not check the box on the written sentencing forms that would allow the Department of Corrections to calculate prison credit.
The trial court’s sentences of two concurrent 15-year terms of imprisonment, suspended after 8 years, with the remainder spent on probation are authorized by Poore. 531 So.2d at 164. Additionally, contrary to *1220 his claim on appeal, Mr. Lundon had notice and opportunity to challenge the special conditions of probation. See Olvey v. State, 609 So.2d 640, 643 (Fla. 2d DCA 1992) (on motion for rehearing en banc). Thus, we affirm his sentences and the special conditions of probation.
Although we affirm the sentences, we must remand for clarification of the written orders. The trial court sentenced Mr. Lundon to concurrent terms of 15 years’ imprisonment, suspended after 8 years, with the remainder, 7 years, to be spent on probation. The written sentences, however, reflect a probationary term of 5 years. The written sentences must be corrected to conform to the trial court’s oral pronouncement. Additionally, the trial court is also directed to check the appropriate box on the sentencing forms to indicate that Mr. Lundon is entitled to credit for prison time previously served on the offenses. See Mongiouvi v. State, 639 So.2d 686 (Fla. 2d DCA 1994). Further, it must give credit to Mr. Lundon for the time previously spent on probation in accordance with Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993), approved, 642 So.2d 742 (Fla.1994).
Affirmed and remanded for clarification of written sentences.
FRANK, C.J., and ALTENBERND and LAZZARA, JJ., concur.