RYDER, Acting Chief Judge.
Elvis Upshaw contends, and the state concedes, that the trial court improperly sentenced him to seventeen years’ imprisonment after revoking his probation for a second degree felony. Accordingly, we reverse his sentence and remand for the trial court to sentence him within the statutory maximum for a second degree felony, fifteen years. § 775.082(3)(c), Fla.Stat. (1989). Upshaw need not be present for resentencing.
Upshaw also asserts that the lower court failed to give him credit for time he served on the incarcerative portion of his original split sentence. In its written sentence, the court allowed thirty-four days’ credit for time served before imposition of the sentence. It further ordered that he be allowed credit for all time previously served in the Department of Corrections. As we noted in Mongiouvi v. State, 639 So.2d 686 (Fla. 2d DCA 1994), the trial court may properly assign the task of determining the amount of time to be credited to the Department of Corrections. The court’s written sentence does just that. Moreover, credit for gain time earned on the previous sentence would not be available to Upshaw because his original offense was committed after October 1, 1989. Bradley v. State, 631 So.2d 1096 (Fla.1994). The Department can, therefore, easily compute the amount of credit to be awarded. The trial court did not err on this point.
Affirmed in part, reversed in part and remanded.
PARKER and ALTENBERND, JJ., concur.