W. SHARP, Judge.
Bransfield appeals from the trial court’s denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. He originally had been sentenced in 1987 to 30 months in prison for aggravated assault,[1] and to 3 years on probation for a firearms charge.[2] He served his prison term but violated his probation. He was sentenced on both charges to 4½ years in prison, followed by 10 years on probation. We affirm, in part.
Bransfield argues the trial court erred because it used a scoresheet in sentencing him, after revocation of probation, which differed from the one used at his initial sentencing. In the first sentencing, aggravated assault, a third degree felony, was used as the primary offense. In the second sentencing, the firearms charge, a second degree felony, was used as the primary offense. The latter scoresheet was correct. Fla. R.Crim.P. 3.701.d. In resentencing a defendant after violation of probation, the trial judge may use a revised, corrected score-sheet. See Roberts v. State, 644 So.2d 81 (Fla.1994); Scherwitz v. State, 644 So.2d 85 (Fla.1994).
Bransfield also argues he has received a sentence which exceeds the statutory maximum for a second degree felony — 15 years. He adds the 3 years probation he received on his first sentence together with the new 4½ year prison term, followed by the new 10 year probation term, to arrive at a total time of 17½ years. Although the court gave Bransfield credit for 133 days he spent in prison, it gave him no credit for time spent on probation.
In Phillips v. State, 651 So.2d 203 (Fla. 5th DCA 1995), this court held that State v. Summers, 642 So.2d 742 (Fla.1994) does not apply to a case like this one, where a term of imprisonment is imposed after a defendant violates probation. Rather, sections 948.06(1) and (2) control. They provide that after probation is revoked, the trial court can sentence the defendant to any sentence which it might have originally imposed, and that no part of the time the defendant was on probation shall be considered as any part of the time that the defendant shall be sentenced to serve. The Florida Supreme Court in Summers said:
If the probationary portion of the split sentence is subsequently revoked, a trial court may impose any sentence it might have originally imposed minus jail time already served as part of the same sentence but that no credit may be given for the time spent on probation.
642 So.2d at 743.
Since the 14½ year combined split sentence is within the statutory maximum for *1193 the second degree felony involved in this ease, and it could have been originally imposed, we conclude that it is a legal sentence and the trial court did not err in failing to give Bransfield “credit” for time spent on probation under the first sentence. Summers; Phillips. However, since Bransfield received a separate sentence for aggravated assault, which he completely served prior to violating probation on the firearm charge, he cannot now be sentenced anew on that ground. See Johnson v. State, 574 So.2d 222 (Fla. 5th DCA 1991). We conclude the sentence imposed in this case is valid for the reasons discussed above, but only as to the firearms charge. To the extent the record reflects the current sentence relates in any way to the aggravated assault count, we modify the sentence and adjudication to make clear it has no such application.[3] Otherwise, we affirm.
AFFIRMED as Modified.
DAUKSCH and GOSHORN, JJ., concur.

. § 784.02 l(l)(a), Fla.Stat. (1987).

. § 790.23, Fla.Stat. (1987).

. Although the scoresheet used by the trial court after Bransfield’s probation was revoked included 21 points for the aggravated assault as an "additional offense at conviction," he could have received nine points for that crime as an additional third degree felony conviction. The resulting score puts him in the same bracket as the one used at resentencing. That bracket (based on a 1987 scoresheet for category 4 offenses — Violent Personal Crimes) provides for a term of incarceration from three and one-half to four and one-half years. Any error in scoring the aggravated assault offense was thus harmless.