656 So.2d 533 (1995)
Anthony LANCASTER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2471.
District Court of Appeal of Florida, Fourth District.
June 7, 1995.
Rehearing Denied July 20, 1995.
*534 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant, Anthony Lancaster, appeals the trial court's sentencing order following revocation of his probation. He challenges both the legality of his thirty-year sentence, claiming that it exceeds the appropriate guidelines sentencing range, and the failure of the trial court to award him proper credit for gain time on his previous sentence.
The state concedes and we agree that the trial court impermissibly sentenced defendant outside the guidelines ranges in effect on the date of the original crime, May 3, 1987. Prior to July 1, 1988, sentencing guidelines specified recommended ranges but not permitted ranges. Application of the permitted ranges to offenses committed prior to July 1, 1988 violate the constitutional prohibition against ex post facto laws. See Washington v. State, 564 So.2d 168, 169 (Fla. 5th DCA 1990); Roberson v. State, 555 So.2d 976, 979 (Fla. 1st DCA 1990). On this basis, defendant's thirty-year sentence, which falls within the current permitted guidelines range but exceeds the appropriate recommended guidelines range, is illegal. Accordingly, we reverse defendant's sentence and remand for resentencing within the recommended range of 22-27 years.
Defendant further complains that the trial court erred in failing to award him credit for all time previously served on his original sentence in addition to gain time previously accrued on his original sentence. In its order sentencing defendant to thirty years in prison, the trial court provided for both jail credit and gain time by indicating that:
Defendant is allowed credit for 334 days county jail credit served between date of arrest as a violator and date of resentencing. The Department of Corrections shall apply original jail credit awarded and shall compute and apply credit for time served and unforfeited gain-time awarded during prior service of case number [87-351].
This sentencing order expressly provides for the award of unforfeited gain time and properly delegates to the Department of Corrections the task of determining the amount of gain time to be credited. See Bacon v. State, 647 So.2d 332 (Fla. 5th DCA 1994); Jenkins v. State, 642 So.2d 1187 (Fla. 1st DCA 1994); Green v. State, 636 So.2d 830 (Fla. 5th DCA 1994).[1]
Concerning defendant's claim that he is entitled to credit for his entire seventeen-year jail term of his original sentence, prior to the supreme court's recent decision in Orosz v. Singletary, 655 So.2d 1112 (Fla. 1995), the supreme court had indicated that gain time to be credited was limited to earned gain time and did not include administrative gain time and provisional credits. See Tripp v. State, 622 So.2d 941, 943 n. 2 (Fla. 1993). After the sentencing order and the briefing in this case, the supreme court decided Orosz, which provides that a defendant who committed an offense prior to October 1, 1989 and completed his sentence prior to the enactment of section 944.278, Florida Statutes (1993), has a vested right to previously awarded administrative gain time and provisional credits. 655 So.2d at 1113. To retroactively cancel administrative gain time and provisional credits would unconstitutionally violate a defendant's constitutional rights against ex post facto laws and bills of attainder. *535 Id. Thus, if upon remand it is determined that defendant completed his original sentence prior to 1993, when the legislature enacted section 944.278 and retroactively cancelled all awards of administrative gain time and provisional credits, defendant should properly be credited not only with earned gain time but with administrative gain time and provisional credits.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] If the records of defendant's prior jail time and gain time are made available to the trial court at sentencing, it would be preferable for the trial court to incorporate the specific amount of days credited in the sentencing order. However, to the extent that the cases relied on by defendant, Branton v. State, 646 So.2d 791 (Fla. 2d DCA 1994), and Thomas v. State, 612 So.2d 684 (Fla. 5th DCA 1993), could be interpreted to hold that the trial court may not delegate to the Department of Corrections the task of determining the specific amount of time to be credited for a prior sentence, we disagree.