On Confession of Error

PER CURIAM.
Jason Mink appeals a sentencing order entered upon revocation of probation. He claims error in the credit allowed for time served.
Defendant first asserts that he is entitled to credit for time served in the Monroe County Jail from October 23 to December 3, 1991. The State concedes that defendant is correct on this point.
Defendant next asserts that the sentencing order fails to conform to the trial court’s oral pronouncement with respect to time previously served in the Department of Corrections. At the sentencing proceeding, the trial court ordered that the defendant be granted credit for the time he had previously actually served, day for day, in the Department of Corrections on this split sentence. The court announced that the actual computation of the amount of Department of Corrections’ credit would be performed by the Department of Corrections. See Green v. State, 636 So.2d 830, 831 (Fla. 5th DCA 1994). The court also announced that the question of whether previously earned gain-time should be forfeited would be left up to the Department of Corrections. See §§ 944.28(1), 948.06(6), Fla.Stat. (1991).* The trial court’s oral pronouncement was not, however, set forth on the sentencing order. The State concedes that the cause must be remanded for correction of the sentencing order.
Defendant also contends that he might be entitled to be considered for discretionary credit for time served under Kronz v. State, 462 So.2d 450, 451 (Fla.1985). We agree with the State that this issue was not raised at the original sentencing proceeding. Since there must be further proceedings on remand, defendant may at that time present the issue for consideration by the trial court. We express no view on the merits of defendant’s position.
Reversed and remanded for further proceedings consistent herewith.

 The defendant's crime was committed in 1991. Consequently, section 921.0017, Florida Statutes (1993) does not apply in this case.