PER CURIAM.
Appellant seeks review of the denial of his motion to correct his sentence pursuant to Florida Rule of Criminal Procedure 3.800. This is yet another case involving the lack of detail on the form for sentencing found in Florida Rule of Criminal Procedure 3.986(d). For persons whose crimes were committed before October 1,1989, and who were given a split sentence, there can be an entitlement to gain time credit previously earned upon re-sentencing after violation of the probationary portion of the split sentence. Tripp v. State, 622 So.2d 941, 942 n. 2 (Fla.1993); State v. Green, 547 So.2d 925 (Fla.1989); Bacon v. State, 647 So.2d 332 (Fla. 5th DCA 1994); Green v. State, 636 So.2d 830 (Fla. 5th DCA 1994). Although we have not been provided with a copy of the pertinent page of appellant’s sentence, it is undisputed that the document did not specifically authorize either credit for gain time or credit for time served. This omission can be raised by a Rule 3.800 motion; upon remand, appellant is entitled to a specification, on the sentencing document, that gain time to which he is entitled be credited to his new sentence.
REVERSED and REMANDED to correct sentence.
DAUKSCH, GRIFFIN and THOMPSON, JJ., concur.