658 So.2d 1091 (1995)
Julius GONZALES, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0400.
District Court of Appeal of Florida, Fourth District.
July 12, 1995.
Rehearing Denied September 11, 1995.
Julius Gonzales, Bowling Green, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Don M. Rogers, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
In 1982, the appellant was convicted of lewd assault and was sentenced to fifteen years' probation. After he had successfully served ten years of this probationary term, his probation was revoked for a violation involving new criminal charges. The appellant was given a split sentence of an additional seven years' incarceration to be followed *1092 by three years' probation. This new sentence, when added to the probationary period already served, exceeds the maximum sentence of fifteen years permitted for lewd assault. §§ 800.04(3), 775.082(3)(c), Fla. Stat. (1981).
The appellant filed a motion to correct his sentence, claiming that he should have received credit for the ten years he had already served on probation. The circuit court denied the motion, and this appeal followed. While the appellant is not entitled to credit for the entire ten year period under Florida Statutes Section 948.06(2), the new sentence is illegal because it exceeds the maximum punishment provided by law.
Under State v. Holmes, 360 So.2d 380, 383 (Fla. 1978), the total term of a split sentence imposed upon conviction cannot exceed the maximum provided by statute, and upon revocation of probation, the sentencing options are restricted to any sentence that could have been imposed on the original charge. The fifth district recently held that after revocation of probation a trial court is free to impose a split sentence that exceeds the statutory maximum when added to the time served on probation prior to violation, provided that the probationary portions of the sentence do not exceed the statutory maximum. Phillips v. State, 651 So.2d 203 (Fla. 5th DCA 1995). Under Phillips, a defendant could not be sentenced to a purely probationary sentence that exceeds the statutory maximum by a single day, but he could be given a split sentence that effectively doubles the maximum sentence by imposing a term of probation that meets the maximum followed by another maximum term of imprisonment.
Because we cannot reconcile this result with Holmes, we decline to follow Phillips, and certify the conflict. The order below is reversed and the case is remanded for imposition of a sentence that does not exceed the maximum provided for by statute when added to the term of probation already served.
FARMER, KLEIN and SHAHOOD, JJ., concur.