PARKER, Judge.
Timothy A. Oates appeals his sentences for three counts of attempted sexual battery en *409 tered in two different cases following revocation of probation, specifically arguing that the trial court erred in failing to award gain time earned while in prison for the instant offenses, in failing to use the original score-sheet upon revocation of probation, and in imposing certain costs. We reverse.
Oates correctly argues that in sentencing him on the revocation of probation, the trial court erred in utilizing a scoresheet which contained the permitted range because he committed the instant offense in 1987. See Strickland v. State, 596 So.2d 1155 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla. 1992). The state concedes that offenses committed before July 1,1988, are not subject to guideline amendments which created the permitted range. Accordingly, Oates’s sentences must be reversed and remanded for resentencing utilizing the original scoresheet Oates also correctly argues that upon resen-tencing he is entitled to any gain time he was awarded on the original sentence because the underlying offenses were committed prior to October 1, 1989. See Svenson v. State, 631 So.2d 326 (Fla. 2d DCA), review denied, 639 So.2d 982 (Fla.1994); Rice v. State, 622 So.2d 1129 (Fla. 5th DCA 1993).
Further, we strike the trial court’s award of $500 for costs of prosecution. The state did not request that amount and there is no documentation to support it. Although the trial court announced the cost of prosecution during sentencing and Oates did not object, the trial court is not authorized to impose costs of prosecution without a request from the state. See § 939.01(1), Fla.Stat. (1991); Brown v. State, 652 So.2d 877 (Fla. 5th DCA 1995).
Last, the state concedes, and we agree, that the trial court improperly imposed a $15 contribution to the Hillsborough County Court Improvement Fund. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). Accordingly, we strike that cost.
Reversed and remanded.
FRANK, A.C.J., and FULMER, J., concur.