Mr. Harry K. Singletary, Jr. Secretary Florida Department of Corrections 2601 Blair Stone Road Tallahassee, Florida 32399-2500
Dear Secretary Singletary:
You have asked for my opinion on substantially the following question:
Is the Department of Corrections authorized to count as part of the 85 percent of sentence imposed under section 944.275(4)(c)2., Florida Statutes, as amended by Chapter 95-294, Laws of Florida, credit authorized by the sentencing court under section 921.161, Florida Statutes?
In sum:
The length of a sentence of imprisonment imposed under section944.275(4)(c)2., Florida Statutes, as amended, will not be affected by credits received by a defendant for time served in county jail prior to his or her imprisonment, as it is the sentence of imprisonment upon which the Department of Corrections must base its 85 percent calculation.
Section 921.161, Florida Statutes, requires that a defendant receive credit for time spent in the county jail prior to being sentenced to imprisonment in the custody of the Department of Corrections.
During the 1995 legislative session, the Florida Legislature passed the "Stop Turning Out Prisoners Act."[1] Among other things the act amends provisions of section 944.275, Florida Statutes, relating to gain-time for prisoners. A review of the legislative history relating to the act indicates that the purpose of the bill was to "require[s] inmates convicted of a crime committed on or after October 1, 1995, to serve at least 85 per cent of their sentences, unless they are granted pardon or clemency, by reducing the amount of incentive gain time that eligible inmates may receive to 10 days per month, regardless of offense level."[2]
Subsection (4) of the statute provides that the Department of Corrections shall grant basic gain-time as a means of encouraging satisfactory behavior. Pursuant to section 944.275(4)(c)2., Florida Statutes, as amended:
For sentences imposed for offenses committed on or after October 1, 1995, the department may grant up to 10 days per month of incentive gain-time, except that no prisoner is eligible to earn any type of gain-time in an amount that would cause a sentence to expire, end, or terminate, or that would result in a prisoner's release, prior to serving a minimum of 85 percent of the sentence imposed. Except as provided by this section, a prisoner shall not accumulate further gaintime awards at any point when the tentative release date is the same as that date at which the prisoner will have served 85 percent of the sentence imposed. State prisoners sentenced to life imprisonment shall be incarcerated for the rest of their natural lives, unless granted pardon or clemency.
Thus, a prisoner must serve a minimum of 85 percent of the sentence imposed by the court regardless of the gain-time awards to which he or she is entitled for any reason.
Section 921.161(1), Florida Statutes, states that:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
This statute requires a judge to recognize and award jail time credit.[3] While the award of jail time credit is a judicial function,[4] a trial court may award credit for time previously served but delegate the duty of calculating the amount of credit to be given to the Department of Corrections.[5]
Section 921.161, Florida Statutes, and section 944.275(4)(c)2., Florida Statutes, as amended, are related as they both deal with aspects of sentencing prisoners. Under accepted rules of statutory construction they should be read together because they govern different facets of the same subject matter.[6] Therefore, a construction of the statutes should be adopted that harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each.[7]
Section 921.161, Florida Statutes, requires that a defendant receive credit for time spent in the county jail before sentencing. This statute also clearly states that a sentence does not begin to run until it is imposed by the court, i.e., time spent in the county jail prior to sentencing by the court may not be considered a sentence of imprisonment for purposes of section921.161(1), Florida Statutes.[8] Reading these two statutes together, the amount of credit a prisoner receives for incarceration in the county jail does not affect the length of sentence imposed under section 944.275(4)(c)2., and it is this sentence of imprisonment upon which the 85 percent calculation is based.
Therefore, it is my opinion that the length of a sentence of imprisonment imposed under section 944.275(4)(c)2., Florida Statutes, as amended, will not be affected by credits received by a defendant for time served in county jail prior to his or her imprisonment, as it is the sentence of imprisonment upon which the Department of Corrections must base its 85 percent calculation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 1, Ch. 95-294, Laws of Florida.
[2] Section II. B., Final Bill Analysis Economic Impact Statement on CS/HB 687, Florida House of Representatives, dated July 13, 1995.
[3] See, Baker v. Wainwright, 327 So.2d 8 (Fla 1976) (pursuant to s. 921.161, Fla. Stat., petitioner was entitled to credit for the time spent in county jail prior to sentencing).
[4] See, Stevenson v. State, 614 So.2d 10 (Fla. 5th DCA 1993) (it is the function of the trial court to award the proper amount of jail time credit when sentencing a defendant); and Wilson v. State, 603 So.2d 93 (Fla. 5th DCA 1992).
[5] See, Jenkins v. State, 642 So.2d 1187 (Fla. 1st DCA 1994); and see, Moore v. State, 634 So.2d 214 (Fla. 4th DCA 1994).
[6] See generally, 30 Fla. Jur. Statutes s. 114 (1974). Cf., Op. Att'y Gen Fla. 80-60 (1980).
[7] See, e.g., Ideal Farms Drainage District et al. v. Certain Lands, 19 So.2d 234 (Fla. 1944); State v. Haddock, 140 So.2d 631
(Fla. 1st DCA 1962).
[8] See, James v. State, 443 So.2d 510 (Fla. 1st DCA 1984) (under statute [section 921.161, Fla. Stat.], providing, inter alia, that sentence shall not begin to run before date it is imposed, but court imposing sentence shall allow defendant credit for all time spent in county jail before sentence, trial judge improperly gave defendant jail credit by imposing four-year term instead of five-year term which he would have otherwise imposed).