PARIENTE, Judge.
-Defendant appeals from two sentences imposed for violations of community control consisting of concurrent four-year jail terms followed by a period of probation/community control. We reverse and remand' for the trial court to conform the written sentences to the oral pronouncement at the time of sentencing and to clarify that the combination of incarceration and probation/community control imposed for each violation does not exceed the statutory maximum for the original offense.
The sentences imposed for the original offenses consisted of two years community control followed by ten years probation. After defendant violated community control, the trial court imposed two concurrent four-year prison terms followed by a period of probation. We reject defendant’s assertion that the sentences rendered were illegal Vil-lery [1] sentences of incarceration as a condition of probation exceeding 364 days. See § 948.03(5), Fla.Stat. (1995); Solis v. State, 622 So.2d 584 (Fla. 2d DCA 1993). See also Poore v. State, 531 So.2d 161 (Fla.1988).
A review of the sentencing transcript supports the position taken by the state that the sentences imposed were split sentences. The expressed intent of the trial court was that the sentences run concurrently and consist of a net guidelines term of four years imprisonment with credit for 214 days of time served to be followed by eleven years of probation on Count I and one year on Count II. Because the statutory maximum for Count I is 15 years and for Count II 5 years, it is clear that the trial court intended to impose the statutory maximum with a combination of jail time followed by probation.
The written sentences here, however, specify a period of four years imprisonment to be followed by an additional fifteen years of probation/community control on Count I and five years of probation/community control on Count II. Thus, the written sentences not only do not conform to the oral pronouncement, but the total terms of the written split sentences unlawfully exceed the maximum statutory periods for the original offenses. See Poore; State v. Holmes, 360 So.2d 380 (Fla.1978), holding limited, State v. Summers, 642 So.2d 742 (Fla.1994). See also Summers.
Defendant further argues that he was not credited with time served on probation prior to the new violations. The state counters that the 214 days credit reflected on the written sentence represents a combination of his probationary period already served and jail time served awaiting sentencing. We agree that the total term of the subsequent split sentences, when added to any community control time served, may not exceed the statutory maximum of fifteen years on Count I and five years on Count II of the original offenses. See Gonzales v. State, 658 So.2d 1091, 1092 (Fla. 4th DCA 1995). However, *910 the trial court apparently intended to credit defendant with probation time served on the original sentences when it credited defendant with 214 days in the written sentences.
On remand, the trial court shall impose written sentences in accordance with its oral pronouncements, ensuring that the written sentences do not exceed the statutory maximum.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GLICKSTEIN and STEVENSON, JJ., concur.

. See Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107 (Fla.1980), partially superseded by statute, Van Tassel v. Coffman, 486 So.2d 528 (Fla.1985).