667 So.2d 933 (1996)
Jacques F. GOLDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03626.
District Court of Appeal of Florida, Second District.
February 9, 1996.
*934 Matthew E. McMillan, Bradenton, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert J. Krauss, Senior Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Jacques F. Golden appeals his sentence for two counts of sale of cocaine and two counts of possession of cocaine as well as the imposition of certain conditions of probation and costs. We affirm in part and reverse in part.
We find no error as to his claim that it was error to sentence him via a closed-circuit video hookup. The sentencing judge held the hearing while the appellant was accompanied by his counsel at the jail. The sentencing judge and the prosecutor remained at the courthouse and all parties had an ability to speak with and see each other. The appellant had also signed a written waiver consenting to sentencing via video hookup. The precautions outlined in Scott v. State, 618 So.2d 1386 (Fla. 2d DCA 1993), were taken here and we see no reason why such sentencing cannot be done via closed-circuit video hookup as long as the proper waivers were executed as was done here.
The appellant next complains of various costs which were imposed upon him. We find no error in imposing the court costs of $255 or the attorney's fees of $300. However, the costs of investigation ($134) were imposed without proper request and documentation.[1] Although the sentencing judge orally announced at the sentencing hearing that he was imposing these investigatory costs and neither the appellant nor his counsel objected, the sentencing judge had no authority to impose these costs without a request from the state. See § 939.01(1), Fla. Stat. (1991); Oates v. State, 659 So.2d 408 (Fla. 2d DCA 1995). Accordingly we strike that portion of the written orders imposing the $134.
Finally, it was error for the sentencing judge to impose probation condition 16 *935 and community control condition 20 which both require the appellant to pay for random drug testing since the judge did not orally pronounce these conditions at the hearing. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). We strike these conditions also.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and FULMER, J., concur.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring.
I agree that the investigation costs must be stricken because of our holding in Oates. I suspect that our record is simply missing the document from the Arcadia Police Department requesting its investigation costs of $134. Unlike the facts in Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995), the trial court specifically announced this award to the police department without objection from the defendant. It is certainly the better practice to follow the procedures in section 939.01(1), Florida Statutes (1991), but I doubt that it is fundamental error to omit these procedures where the defendant has actual notice and fails to challenge the imposition of costs of prosecution.
NOTES
[1] The sentencing judge imposed this $134 amount as restitution in the written probation and community control orders but the record is clear that this cost was imposed as cost of investigation pursuant to section 939.01, Florida Statutes (1991).