687 So.2d 1299 (1997)
STATE of Florida, Petitioner,
v.
Anthony LANCASTER, Respondent.
No. 86312.
Supreme Court of Florida.
January 30, 1997.
Robert A. Butterworth, Attorney General; Georgina Jimenez-Orosa, Bureau Chief, Assistant Attorney General and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for Petitioner.
Richard L. Jorandby, Public Defender and Anthony Calvello, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Respondent.
OVERTON, Justice.
We have for review Lancaster v. State, 656 So.2d 533 (Fla. 4th DCA 1995), based on express and direct conflict with our opinion in Orosz v. Singletary, 655 So.2d 1112 (Fla. 1995), superseded by No. 83,487, ___ So.2d ___ [1997 WL 23203] (Fla. Jan. 23, 1997)(on rehearing). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In Lancaster, the district court addressed the issue of whether a defendant, who is being sentenced following a revocation of his or her probation, has a vested interest in the administrative gain time and provisional credits previously awarded during the incarcerative portion of the defendant's initial sentence.[1] The district court stated that our opinion in Orosz "provides that a defendant who committed an offense prior to October 1, 1989, and completed his sentence prior to the enactment of section 944.278, Florida Statutes (1993), has a vested right to previously awarded administrative gain time and provisional credits." Lancaster, 656 So.2d at 534. That interpretation is erroneous.
The circumstances governing our decision in Orosz were unique and only affected a limited number of inmates. In the opinion we originally released in Orosz, we did state that the inmate in that case had a vested right in the administrative gain time and provisional credits that had been previously credited to his initial sentence. We did so because he was serving consecutive sentences and the statute in effect at the time he committed the second offense prohibited the Department of Corrections from following its normal practice of combining consecutive sentences into a single term for the purpose of awarding or forfeiting gain time. Further, he had completely served his first sentence *1300 by the time the Department sought to retroactively cancel the administrative gain time and provisional credits that had been credited to that sentence. The statute was subsequently changed to allow the Department to return to its practice of treating consecutive sentences as one term for the purpose of awarding or forfeiting gain time.
Seven days after the district court's decision in this case was rendered, we amended Orosz on rehearing to add the following footnote:
We note that this case presents unique circumstances and that our decision concerning the Department's lack of authority to combine Orosz's sentences and the retroactive revocation of administrative gain time and provisional credits will have limited precedential effect. Specifically, this decision should affect only those inmates who: (1) committed an offense during the interval between July 1, 1978, and June 16, 1983; (2) were in service of a sentence at the time of the offense; (3) were given a sentence to run consecutively to the sentence for the previous offense; and (4) had completed the sentence for the previous offense before June 17, 1993.

Orosz, 655 So.2d at 1114.[2] Lancaster does not fit into this limited category of inmates. As we emphasized in our recent decision in Calamia v. Singletary, 686 So.2d 1337 (Fla. Dec. 19, 1996), administrative gain time and provisional credit statutes were not enacted for the benefit of prisoners; those statutes were enacted merely to afford the Department a procedure to alleviate prison overcrowding. We further concluded in Calamia that the retroactive cancellation of administrative gain time and provisional credits does not run afoul of ex post facto proscriptions. Because the unique circumstances presented in Orosz are not applicable to Lancaster and because Lancaster has no vested interest in any previously awarded administrative gain time or provisional credits, we conclude that Lancaster is not entitled to credit for any such time awarded during the incarcerative portion of his initial sentence.
Accordingly, we quash the district court's decision to the extent it holds that all inmates who committed an offense before October 1, 1989, and who completed their sentences prior to the 1993 enactment of section 944.278 have a vested right in previously awarded administrative gain time and provisional credits, and we remand this case for further consideration.
It is so ordered.
SHAW, GRIMES and WELLS, JJ., concur.
HARDING and ANSTEAD, JJ., concur in result only.
NOTES
[1] In Lancaster, the district court also addressed several other issues, none of which are at issue in this review.
[2] On a second rehearing, our Orosz opinion was modified to change the date of June 16, 1983, to June 15, 1983. See Orosz v. Singletary, No. 83,487, ___ So.2d ___ (Fla. Jan. 23, 1997).