BLUE, Judge.
Bobby Rydell Soloman appeals a sentence of ten years’ incarceration imposed after he violated probation. He raises two issues on appeal, only one of which has merit. Solo-man contends the trial court erred in imposing a sentence for violating probation which exceeds the balance of the suspended portion of his original sentence. Soloman’s original sentence was a “true split” sentence with five years suspended. Because the sentence imposed after Soloman violated probation exceeds the five years, we reverse and remand for resentencing. We affirm the remaining issue without further discussion.
In 1991, Soloman pleaded guilty to possession of cocaine and was sentenced as a habitual offender to ten years’ imprisonment with five years suspended to be spent on probation. In May 1995, the court found Soloman violated probation, and sentenced him to ten years’ imprisonment. Soloman asserts, and the State concurs, that because his original sentence was a “true split sentence,” the maximum sentence the court can impose for violating probation is five years. A true split sentence is a sentence “consisting of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion.” Poore v. State, 531 So.2d 161, 164 (Fla.1988). If a defendant violates probation under a true split sentence, the judge may not order new incarceration “that exceeds the remaining balance of the withheld or suspended portion of the original sentence.” Poore, 531 So.2d at 164.
Accordingly, we reverse and remand for Soloman to be resentenced for a period not to exceed the five-year suspended portion of the original sentence. Soloman need not be present for resentencing. See Upshaw v. State, 652 So.2d 1220 (Fla. 2d DCA 1995).
Affirmed in part, reversed in part, and remanded for resentencing.
FRANK, A.C.J., and PATTERSON, J., concur.