HARRIS, J.,
dissenting.
I respectfully dissent.
Wheeler, in 1987, was convicted of kidnapping and pled to escape and aggravated assault. His scoresheet reflected a possible sentence of twelve to seventeen years. He was sentenced to seventeen years on the kidnapping charge and twenty years probation on the aggravated assault and escape charges. After completing his seventeen-year sentence for kidnapping, he embarked on his twenty-year probation sentence. He didn’t make it.
Upon his plea to violation of probation, the judge sentenced Wheeler to consecutive terms of fifteen and five years in prison. Concerning credit for time served, the court stated:
At this time, I’ll revoke the previously ordered probation and sentence you to a total of 20 years; 15 years on the escape and 5 years on the aggravated assault, with no probation to follow. A total of 20 years. Those are consecutive. I believe that he will be given credit for the time that he served in prison under the other count. The Department of Corrections will apply that credit. The Court doesn’t apply that credit, the Department of Corrections does that. He will be given credit for time served only since he has been served with a warrant in this case, no previous time. (Emphasis added).
By the statement, “I believe that he will be given credit” and “The Department of Corrections does that,” the court is indicating that whether Wheeler gets credit for prior time served is up to the Department of Corrections.
The issue on appeal, therefore, is whether the court or the Department of Corrections determines entitlement to credit for time served. In Green v. State, 636 So.2d *535 830 (Fla. 5th DCA 1994), we authorized the trial court to delegate to the Department of Corrections the task of determining from its records whether there remained any unforfeited gain time available to defendant from his previous incarceration, but only after the trial court determined that the defendant was entitled to credit against his sentence of a specific number of days of county jail time and “credit for time served and unforfeited gain time” served during his previous incarceration. Hence, in Green, the court determined entitlement to credit and delegated to the Department only the ministerial duty of computing the amount of credit from prison records that were unavailable to the court.
In Wilson v. State, 603 So.2d 93, 94 (Fla. 5th DCA 1992), we explained the relative obligations of the court and the Department of Corrections more distinctly: “The Department of Corrections most likely will be enlisted by the court to calculate the credit, but the award of the credit is a judicial task to be accomplished at sentencing rather than an administrative function to be accomplished post-sentencing.”
The State agrees that Wheeler is entitled to credit for the time served on his original sentence. But it urges that the Department, instead of or in addition to the court, may award such credit:
Although the State is aware that the Appellant should be given 17-years credit for the time previously served in the DOC, however, the State urges that DOC should be first allowed to award the Appellant the current prison time credit.
The State suggests that if the Department fails to award the appropriate credit, Wheeler should be required to seek relief through the administrative process and, if that fails, mandamus the Department to award the time. Alternatively, the State urges, Wheeler may apply for post-conviction relief. The position this court took in Wilson is that the court should do its job in the first place so that neither administrative relief nor mandamus nor post-conviction relief will be required.
The “sentence” is the judgment formally pronounced by the court in open session with the defendant, the State, the court reporter, and the public in attendance. The written judgment is merely record evidence of what the judge has done. If this written judgment (most often a pre-prepared form) differs from the court’s pronounced sentence, to the extent the written judgment differs, it is invalid. The judgment herein, by providing that “[t]he Department of Corrections shall apply original jail time credit and shall compute and apply credit for time served and un-forfeited gain time previously awarded,” expressly conflicts with the court’s pronounced decision to award only credit for jail time. But the form expresses the correct law; it is the sentence that is invalid. If the Department of Corrections, as it almost certainly will, voluntarily complies with this form provision, defendant will suffer no injury. But the defendant has appealed from an erroneous sentence. It should be corrected.
Normally when we reverse and remand because the judgment does not conform to the judge’s pronouncement, we either direct that the written judgment be reformed or that the court clarify its intention. In this case, the form, even though contrary to the court’s pronouncement, does what the court must do — gives credit for the prior time served on the underlying cases upon sentencing for violation of probation. Here, we should remand with instruction that the court conform its sentence to the form.