BENTON, J.
Clayton Whisner appeals the trial court’s denial of his petition for writ of mandamus, arguing that the Department of Corrections illegally forfeited his overcrowding credits after he escaped from confinement. We affirm.
Overcrowding credits are a species of gain-time. See State v. Lancaster, 687 So.2d 1299 (Fla.1997) (rejecting the argument that “gain time” could not be construed to include overcrowding credits). Prior to Lancaster, the Department of Corrections (DOC) had not treated most types of overcrowding credits as gain-time but, in the words of our supreme court, the Lancaster decision “corrected that misinterpretation and made clear that the Department always had the authority to forfeit [overcrowding] credits.” Mayes v. Moore, 827 So.2d 967, 973 (Fla.2002). The supreme court explained that “the Lancaster decision did not create the statutory authority for the forfeiture of overcrowding gain time upon supervision revocation. That authority has been in effect since 1988, and it has provided for the forfeiture of ‘all gain time’ upon conditional release supervision revocation.” Id.
Pointing out that his offenses were committed before 1988, Mr. Whisner argues that the present case is distinguishable from Mayes v. Moore, 827 So.2d 967 (Fla.2002), on this basis. While the language in section 944.28(1), Florida Statutes, authorizing forfeiture of all gain-time upon the revocation of a prisoner’s conditional release did not take effect until 1988, the language in section 944.28(1) authorizing forfeiture of all gain-time upon a prisoner’s escape has been in effect since 1963. See ch. 63-243, § 2, at 548-49, Laws of Fla. (“When a prisoner escapes ... the director shall, without notice or hearing, declare a forfeiture of all gain time earned ... prior to such escape.”).
Appellant’s offenses occurred long after 1963, when DOC was originally authorized (and at that time required) to forfeit gain-time an escaping prisoner had accrued before the escape. DOC forfeited Mr. Whis-ner’s overcrowding credits because he was convicted of escape, not because his supervision was revoked. See § 944.28(1), Fla. Stat. (1987) (“If a prisoner is convicted of escape ... the department may, without notice or hearing, declare a forfeiture of all gain-time earned ... prior to such escape.”).
Affirmed.
ALLEN and DAVIS, JJ., concur.