HARRIS, Judge.
In 1988, Wayne E. Stevenson pled guilty to attempted first degree murder and was sentenced to five years incarceration to be followed by 15 years probation. In less than a year, after being awarded basic gain-time, incentive gain-time, jail time credit and provisional credit, Stevenson had completed the five year incarcerative portion of his sentence.
His freedom was short-lived. In 1992, after violating probation, he was sentenced to 15 years in the Department of Corrections. He was awarded credit for the original five year incarcerative portion of his sentence as well as for time spent in jail awaiting disposition of his violation hearing. The court recommended that the Department of Corrections forfeit the gain-time previously awarded Stevenson. At that time, however, the Department lacked any authority to forfeit the previously awarded gain-time. His sentence was set, therefore, under the law as it existed on the date of his sentence.
But in 1993, the legislature enacted section 944.278 Florida Statutes:
All awards of administrative gain-time ... and provisional credits ... are hereby canceled for all inmates serving a sentence ... in the custody of the department-Inmates ... whose post-release supervision is revoked on or after the effective date of this act, shall have all administrative gain-time and provisional credits canceled when the inmate’s release date is reestablished upon return to custody. Offenders who are under provisional release supervision as of the effective date of this section shall be subject to the terms and conditions established at the time of release until such offenders have been discharged from supervision. (Emphasis added.)
Upon the passage of this statute, the Department cancelled the administrative gain-time and provisional credits previously awarded to Stevenson. Stevenson sought clarification of his sentence from the sentencing court. The court granted Stevenson’s request for clarification and entered the following order:
Defendant Stevenson’s sentence is hereby clarified to reflect that he is entitled to all administrative gain-time and provisional credits as originally awarded, specifically restoring the 599 days cancelled by the Department of Corrections....
The Department appeals claiming that the court lacked authority to enjoin it from canceling the gain-time and provisional credits in a criminal setting. It suggests that if the court was going to take this action, it should be in the context of mandamus. We do not read the court’s order as an injunction directing the Department to do or not do anything. The court merely clarified its intention to award the entire previously awarded credits, including the time cancelled by the Department, as credit against the current 15 year sentence. The court did not, as the court improperly attempted to do in Singletary v. Evans, 676 So.2d 51 (Fla. 5th DCA 1996), direct the Department to do anything. If the Department does not recognize the credits awarded by the court then Stevenson’s remedy will be by mandamus.
*729 On the merits, we agree with the trial court. The statute by its terms only permits the cancellation of the administrative gain-time and the provisional credits for those inmates “whose postrelease supervision is revoked on or after the effective date of this act.” Presumably such inmates would be aware of this additional consequence of their violating probation. But Stevenson’s post-release supervision (his probation) had been violated and he had been sentenced over a year prior to the effective date of section 944.278. To alter his ongoing sentence by virtue of a subsequently enacted statute would indeed implicate the prohibition against ex post facto changes to his sentence. See Art. I, § 10, Fla. Const.
We recognize that the supreme court in a case involving an inmate whose incentive gain-time and provisional credits were awarded under existing statutes and then rescinded when the new statute was enacted all within the current term that he was serving held that the new statute (section 944.278) was constitutional. See Griffin v. Singletary, 638 So.2d 500 (Fla.1994). However, the court explained its reason for not applying the ex post facto principle:
The reason is that provisional credits are not a reasonably quantifiable expectation at the time the inmate is sentenced. Rather, provisional credits are an inherently arbitrary and unpredictable possibility that is awarded based solely on the happenstance of prison overcrowding. Thus, provisional credits in no sense are tied to any aspect of the original sentence and cannot possibly be a factor at sentencing or in deciding to enter a plea bargain. As a result, we held that provisional credits are not subject to the prohibition against ex post facto laws.
Griffin, 638 So.2d at 501 (citing Dugger v. Rodrick, 584 So.2d 2 (Fla.1991), cert denied, 502 U.S. 1037, 112 S.Ct. 886, 116 L.Ed.2d 790 (1992)).
But we are not talking about a single, ongoing sentence with Stevenson. As a matter of fact, the provisional credit was a “quantifiable expectation” at the time of Stevenson’s current sentence. Indeed, the amount of credit lawfully given to Stevenson was not only known to the court and Stevenson, but it was awarded by the court in imposing the sentence. It was, therefore, “tied” to the “original sentence” and was a “factor at sentencing.”
AFFIRMED.
DAUKSCH, J., concurs.
GRIFFIN, J., dissents without opinion.