693 So.2d 538 (1997)
R.M. OROSZ, Petitioner,
v.
Harry K. SINGLETARY, Jr., Respondent.
No. 83487.
Supreme Court of Florida.
January 23, 1997.
R.M. Orosz, Bonifay, pro se.
R. Mitchell Prugh of Middleton, Prugh & Edmonds, P.A., Melrose, for Petitioner.
Susan A. Maher, Deputy General Counsel, Department of Corrections, Tallahassee, for Respondent.
Respondent's Motion for Rehearing/Clarification/Correction of Revised Opinion Footnote, directed to the opinion issued herein on March 30, 1995, is granted. The previous opinion is withdrawn and the attached revised opinion is substituted as the opinion of the Court in this matter. Footnote 1 of the opinion has been changed as shown in the attached revised opinion. No further motion for rehearing shall be allowed.

ON REHEARING
OVERTON, Justice.
This cause is before the Court on the petition of Robin M. Orosz, a prisoner serving multiple sentences in the state prison system, for a writ of mandamus directed to the Secretary of the Department of Corrections (Department). We have jurisdiction, article V, section 3(b)(8), of the Florida Constitution, and grant partial mandamus relief.
The parties have stipulated to the following relevant facts. In 1975 Orosz was convicted of robbery and sentenced to thirty-five years in state prison. The gain-time statutes in effect at the time of Orosz's offense included the following provisions:
944.27 Gain time for good conduct; schedule of allowances; cumulative sentences to be treated as one sentence for purposes of allowing and forfeiting.
(1) The division shall grant the following deductions for gain time from the sentences of every prisoner who has committed no infraction of the rules or regulations of the division, or of the laws of the state, and who has performed in a faithful, diligent, industrious, orderly, and peaceful manner, the work, duties, and tasks assigned to him, to wit:
(a) Five days days per month off the first and second years of his sentence;
(b) Ten days per month off the third and fourth years of his sentence; and
(c) Fifteen days per month off the fifth and all succeeding years of his sentence; and he shall be entitled to credit for a month as soon as he has served such time as, when added to the deduction allowable, would equal a month.

*539 (2) When a prisoner is under two or more cumulative sentences, he shall be allowed gain time as if they were all one sentence and his gain time, including any extra gain time allowed him under § 944.29, shall be subject to forfeiture as though such sentences were all one sentence.
944.29 Extra good time allowances.The division may allow, in addition to time credits, an extra good time allowance for meritorious conduct or exceptional industry.
§§ 944.27, .29, Fla.Stat. (1973). In addition to the gain time provided under these two statutes, the Department awarded Orosz administrative gain time and provisional credits under statutes enacted subsequent to Orosz's offense. See §§ 944.276, Fla.Stat. (1987) (repealed by ch. 88-122, § 6, at 527, 537, Laws of Fla.), 944.277, Fla.Stat. (Supp.1988) (repealed by ch. 93-406, § 32, at 2911, 2966, Laws of Fla.). On January 18, 1991, due to an accumulation of time served, gain time, and provisional credits, the Department's records reflected that Orosz had completed service of this sentence.
In 1979, while he was still serving his first sentence, Orosz committed a battery against a correctional officer and was sentenced to a ten-year term to run consecutively to the 1975 robbery sentence. In 1993, while Orosz was serving this second sentence, the Legislature enacted section 944.278. This statute retroactively cancelled all awards of administrative gain time and provisional credits for prisoners serving "a sentence or combined sentences in the custody of the department." § 944.278, Fla.Stat. (1993) (emphasis added). Pursuant to this statute, the Department cancelled the administrative gain time and provisional credits awarded to Orosz on both his first and second sentences. The cancellation erased the equivalent of five-and-one-half years of time served, and Orosz was placed back in service of his first sentence.
In his mandamus petition, Orosz asserts that the retroactive cancellation of administrative gain time and provisional credits previously applied on both his first and second sentences is a violation of his constitutional rights, including the constitutional protection against ex post facto laws and bills of attainder. We have previously upheld the statute against such attacks, see Griffin v. Singletary, 638 So.2d 500 (Fla. 1994), and we reaffirm that decision today to the extent that it applies to Orosz's second sentence. However, with regard to the first sentence, which had been completed according to the Department's records, we find merit in Orosz's contention that the Department's cancellation of administrative gain time and provisional credits previously awarded on Orosz's first sentence was improper. We hold that this prisoner, who has fully completed a sentence because of gain time awarded under a proper interpretation of the statutes applicable to his sentences, has a vested right in that gain time.
In the instant case, the statute that retroactively cancelled the administrative gain time and provisional credits awarded to Orosz on his first sentence was not enacted until 1993, well after Orosz had completed his first sentence. As reflected in the Department's records and undisputed by the parties, the Department properly calculated Orosz's gain time pursuant to the applicable statutes then in effect.
The Department disputes Orosz's assertion that he had "completed" his first sentence. According to the Department, it has the statutory authority to combine multiple sentences into one overall term for the purpose of calculating the award or forfeiture of gain time. Under this analysis, Orosz was not serving two distinct sentences but one combined sentence of forty-five years for his first and second offenses. And, because he never completed this combined sentence, his right to gain time never became vested.
To support this contention, the Department points to a seventy-five year history of cases, statutes, and Department policy. Indeed, at the time of Orosz's first offense, the statutes did provide that the Department was required to combine "cumulative" sentences into a single term for the purpose of awarding or forfeiting gain time. See § 944.27, Fla.Stat. (1973). A similar system is in place today. See § 944.275, Fla.Stat. (1993). However, just twenty-one days before Orosz committed his second offense, the *540 Legislature made a significant modification to the relevant statute. That statute, which became effective on July 1, 1978, removed the Department's authority to combine cumulative sentences and substituted the following: "When a prisoner is under two or more concurrent sentences, the prisoner shall be allowed gain-time as if such sentences were all one sentence." § 944.275(4), Fla.Stat. (Supp.1978). This statutory language was amended again in 1983. See § 944.275, Fla.Stat. (1983). The Department appears to want to ignore the change in the statute and its effect on Orosz's second sentence which was ordered to run consecutively to the first, not concurrently. In light of the express language in the statute during the period of 1978 to 1983, we are not persuaded that the historical practices of the Department may allow it to combine Orosz's first and second sentences.
We grant partial relief on Orosz's petition for a writ of mandamus. While the Department may cancel administrative gain time and provisional credits awarded to Orosz on his second sentence, it cannot do so for the first sentence and, consequently, the first sentence must be deemed completed. We also order the Department to restore the gain time Orosz had earned on the second sentence except the administrative gain time and provisional credits, which we find were properly cancelled.[1]
It is so ordered.
KOGAN, C.J., and SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We note that this case presents unique circumstances and that our decision concerning the Department's lack of authority to combine Orosz's sentences and the retroactive revocation of administrative gain time and provisional credits will have limited precedential effect. Specifically, this decision should affect only those inmates who: (1) committed an offense during the interval between July 1, 1978, and June 15, 1983; (2) were in service of a sentence at the time of the offense; (3) were given a sentence to run consecutively to the sentence for the previous offense; and (4) had completed the sentence for the previous offense before June 17, 1993.