PER CURIAM.
Upon our conclusion that, in the circumstances of his ease, the appellant Jackson became entitled to administrative gain time under section 944.276, Florida Statutes (1987)(repealed by eh. 88-122, § 6, at 527, 537, Laws of Fla.) and provisional credits under section 944.277, Florida Statutes (Supp.1988)(repealed by ch. 93-406, § 32, at 2911, 2966, Laws of Fla.), the order below denying mandamus is reversed[1] because he was unlawfully deprived of those benefits by the enactment of section 944.278, Florida Statutes (1993). Lynce v. Mathis, — U.S. -, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997); see also Orosz v. Singletary, 693 So.2d 538 (Fla.1997). The cause is remanded for determination of the precise amount of time to which he is entitled.

. We reject the appellee’s claim that the appeal is untimely.