744 So.2d 1160 (1999)
Corey STANLEY, Appellant,
v.
Michael MOORE, Secretary, Florida Department of Corrections, Appellee.
No. 99-153.
District Court of Appeal of Florida, First District.
November 1, 1999.
Corey Stanley, pro se, appellant.
*1161 Robert A. Butterworth, Attorney General, Tallahassee, for appellee.
PER CURIAM.
Appellant appeals from an order dismissing his petition for a writ of mandamus because he failed to comply with the provisions of section 57.085, Florida Statutes (1997), which governs determinations of indigency for prisoners in civil actions. Because appellant's petition alleged facts which at least arguably might entitle him to immediate release, his petition should have been treated as a petition for a writ of habeas corpus which is constitutionally exempt from all court costs and filing fees. See Art I, § 13, Fla. Const. ("The writ of habeas corpus shall be grantable of right, freely and without cost."); Steele v. State, 733 So.2d 1117, 1118 (Fla. 4th DCA 1999)("If, upon the filing of a mandamus petition, it appears that appellant would be entitled to immediate release from incarceration if properly credited with the time he is seeking, the petition should be treated as a petition for writ of habeas corpus.").[1] While the circuit court could have dismissed the petition, even if treated as a habeas corpus petition, on grounds that appellant should have filed the petition in the Tenth Judicial Circuit where he is incarcerated, rather than the Second Judicial Circuit where the petition was actually filed, see § 79.09, Fla. Stat. (1997); Alday v. Singletary, 719 So.2d 1260 (Fla. 1st DCA 1998), we conclude that, in the interests of expediency, this case should be remanded to the circuit court for immediate transfer to the appropriate court. See Lewis v. Florida Parole Comm'n, 697 So.2d 965, 966 (Fla. 1st DCA 1997)(reversing order denying habeas corpus petition filed in wrong court and remanding with directions that circuit court transfer petition to court having jurisdiction over correctional facility in which prisoner was housed). We, therefore, reverse the order dismissing appellant's petition and remand with directions that the circuit court treat appellant's petition as a petition for a writ of habeas corpus and immediately transfer it to the circuit court having jurisdiction over the correctional facility in which appellant is currently housed.
BARFIELD, C.J., ERVIN and WOLF, JJ., CONCUR.
NOTES
[1] We express no opinion on the merits of appellant's allegations that he is entitled to immediate release. That is properly first determined by the circuit court which will entertain his petition.