957 So.2d 667 (2007)
Larry S. MORTON, Petitioner,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Respondent.
No. 1D06-3214.
District Court of Appeal of Florida, First District.
April 19, 2007.
Rehearing Denied June 13, 2007.
*668 Larry S. Morton, pro se, Petitioner.
Kathleen Von Hoene, General Counsel, and Beverly B. Brewster, Assistant General, Counsel, Department of Corrections, Tallahassee; Bill McCollum, Attorney General, Tallahassee, for Respondent.
PER CURIAM.
Petitioner has filed a petition for writ of certiorari after the lower court denied his petition for writ of mandamus challenging, among other things, the Department of Corrections' forfeiture of 18 years of basic gain-time following the revocation of his parole. We agree with petitioner that the lower court departed from the essential requirements of law in denying the mandamus petition as to this particular claim.
Petitioner received seven consecutive sentences totaling 85 years for offenses committed in October and December 1978. Upon his entry into the custody of the Department of Corrections, petitioner was awarded basic gain-time in a lump sum pursuant to the Correctional Reform Act of 1983. In 1998, petitioner was released to parole supervision while serving the second of his consecutive sentences. After petitioner's parole was revoked, the Department declared a forfeiture of petitioner's gain-time pursuant to section 944.28, Florida Statutes. Later, when an audit revealed that petitioner's basic gain-time had not been completely removed from his records, the Department corrected this error. After exhausting his administrative remedies, petitioner filed a petition for writ of mandamus in the circuit court. Among other things, petitioner asserted that the Department unlawfully forfeited 18 years of basic gain-time after the revocation of petitioner's parole because basic gain-time could not be awarded and forfeited in a lump sum on his consecutive sentences under the gain-time statute in effect when he committed his offenses. The lower court disagreed and denied the petition as to this claim.
At the time petitioner committed his offenses, section 944.275, Florida Statutes (Supp.1978), the applicable gain-time statute, provided:
(4) When a prisoner is under two or more concurrent sentences, the prisoner shall be allowed gain-time as if such sentences were all one sentence; and the prisoner's gain-time, including any additional gain-time allowed under subsection (2) and extra gain-time allowed under subsection (3), shall be subject to forfeiture as though such sentences were all one sentence.
This provision became effective on July 1, 1978, and differed from its predecessor which referred to "cumulative sentences" rather than "concurrent sentences." Orosz v. Singletary, 693 So.2d 538, 539-40 (Fla.1997). Our supreme court concluded that this statutory modification removed the authority of the Department of Corrections to combine consecutive sentences into a single term or overall sentence for the *669 purpose of awarding or forfeiting gain-time. State v. Lancaster, 731 So.2d 1227, 1230 (Fla.1998); Orosz, 693 So.2d at 540. However, the court found that the 1983 amendments to section 944.275 (the Correctional Reform Act of 1983) restored the Department's authority to combine consecutive sentences into a single term for the purpose of awarding or forfeiting gain-time. Orosz, 693 So.2d at 539. The issue here is whether the Department could retroactively apply the 1983 statute to combine petitioner's pre-1983 consecutive sentences into a single term for the purpose of awarding or forfeiting basic gain-time without violating the ex post facto clauses of the state and federal constitutions.
In Waldrup v. Dugger, 562 So.2d 687 (Fla.1990), an inmate petitioned the Florida Supreme Court for a writ of habeas corpus, alleging that the Department was retroactively applying the 1983 amendments to Florida's gain-time statute to deprive him of an earlier release from prison in violation of the ex post facto clause. The court noted that a penal statute violated the ex post facto clause if, after a crime had been committed, it increased the penalty attached to that crime. Id. at 691. Although the basic gain-time provision of the 1983 statute applied retroactively to sentences imposed for offenses committed before the statute's effective date, the court concluded that this did not violate the ex post facto clause because it did not disadvantage the inmate insofar as the 1983 statute actually increased the amount of basic gain-time available for all inmates. Id. at 691-92.
Clearly, the Department was permitted under Waldrup to award basic gain-time on petitioner's pre-1983 consecutive sentences under the more generous 1983 statute. However, it is equally clear that petitioner was disadvantaged by the Department relying on the 1983 statute in treating the consecutive sentences as a single term for purposes of awarding and forfeiting basic gain-time in a lump sum. Accordingly, the Department could not retroactively apply the 1983 statute to authorize the forfeiture of all basic gain-time on petitioner's pre-1983 consecutive sentences without violating the ex post facto clause of the state and federal constitutions. See Avera v. Barton, 632 So.2d 167 (Fla. 1st DCA 1994) (holding that the Department's retroactive application of the basic gain-time statute to calculate the amount of gain-time earned before, and forfeited as a result of, an escape conviction violated the ex post facto clause because the inmate would have earned 96 days under the gain-time statute in effect at the time of the inmate's escape and conviction as opposed to 277 days under the revised statute). Under the gain-time statute in effect at the time of petitioner's offenses, the Department had to treat petitioner's consecutive sentences individually and could only award basic gain-time when petitioner began serving each of those sentences. Since petitioner had finished serving his first sentence and was serving his second sentence when he was released on parole, the subsequent revocation of petitioner's parole permitted the Department to forfeit only the basic gain-time awarded on the second sentence. As for petitioner's remaining consecutive sentences that have yet to be served, the Department is authorized to order the forfeiture of the right to earn gain-time in the future if it complies with the procedure set out in section 944.28(3), Florida Statutes (1977). However, there is nothing to indicate that the Department relied on that provision nor is there any suggestion that the procedural requirements of that provision have been met.
By not applying the correct law, we conclude that the lower court departed from the essential requirements of law. *670 See Sheley v. Fla. Parole Comm'n, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998). Accordingly, we grant the petition, quash the order in part, and remand for further proceedings.
ALLEN, WEBSTER, and ROBERTS, JJ., concur.