PER CURIAM.
 

 The appellant, Terry Weaver, appeals the circuit court’s dismissal of his petition for writ of mandamus on the grounds of res judicata. The appellant’s petition sought to compel the Department of Corrections (Department) to apply the basic gain time from all of his uncompleted sentences and the earned gain time to which he is entitled since his return to custody to his current sentences.
 

 The doctrine of res judicata bars subsequent actions between parties to a previous judgment where (1) there is “identity
 
 *806
 
 in the thing sued for,” (2) there is “identity in the cause of action,” (3) there is “identity of the persons and parties to the actions,” and (4) there is “identity of the quality or capacity of the person for or against whom the claim is made.”
 
 Campbell v. State,
 
 906 So.2d 293, 295 (Fla. 2d DCA 2004).
 

 We agree with the circuit court that the appellant’s argument regarding the lump-sum forfeiture of basic gain time in Case No. 81-614 (as a result of the revocation of the appellant’s parole) is barred by the doctrine of res judicata.
 
 [1]
 
 Furthermore, the record demonstrates that the appellant is not entitled to any further relief with regard to his basic gain time in that case. However, it appears from the record that the appellant’s arguments as to the application of incentive gain time earned since his return to custody in 2000 in regard to counts II and III in Case No. 81-614 and as to the application of both incentive and basic gain time in Case No. 99-1004 are not barred by the doctrine of res judicata as those arguments have not been addressed by the circuit court in prior proceedings.
 

 With regard to Case No. 99-1004 and counts II and III of Case No. 81-614, the record demonstrates that the appellant has earned a substantial amount of incentive gain time since his return to custody in 2000. Additionally, the record contains the Department’s response to the appellant’s Inmate Request informing him that he is entitled to basic gain time for Case No. 99-1004 because of the offense date. Thus, we remand for consideration on the merits as to the application of (1) incentive gain time and basic gain time earned since the appellant’s return to custody in 2000 in Case No. 99-1004, and (2) incentive gain time earned since the appellant’s return to custody in 2000 in counts II and III of Case No. 81-614.
 
 [2]
 
 Accordingly, we affirm in part and remand in part for consideration on the merits.
 

 AFFIRMED in part and REMANDED with instructions.
 

 VAN NORTWICK, LEWIS, and ROWE, JJ., concur.
 

 [1]
 

 . The Department's improper forfeiture of the appellant's basic gain time on count III of Case No. 81-614 was properly remedied in accordance with
 
 Morton v. Fla. Dep't of Corrs., 957
 
 So.2d 667 (Fla. 1st DCA 2007).
 

 [2]
 

 . The additional issues raised in the appellant’s initial brief were not presented to the circuit court in the appellant’s petition, and therefore, those issues are not properly before this court. However, we would find that those issues are clearly barred by the doctrine of res judicata and are wholly without merit.